# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-01417 RGK (KSx)** | Date | April 3, 2019 |
| Title | ***MICHAEL ZAREMBA v. BULLETPROOF 360, INC.*** | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 22, 2019, Michael Zaremba ("Plaintiff") filed an action against Bulletproof 360, Inc. ("Defendant") for wage and hour violations under the California Labor Code.

On January 25, 2019, Defendant removed the action to federal court alleging diversity jurisdiction. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Defendant calculates the amount in controversy by making significant assumptions that are not plausible and lack evidentiary support. The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Even with the inclusion of attorneys' fees and punitive damages, Defendant is no closer to carrying its burden because there is no basis for estimating the claims that Defendant primarily relies upon to meet the jurisdictional threshold. *See id.* Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-01417 RGK (KSx)** | Date | April 3, 2019 |
|---|---|---|---|
| Title | ***MICHAEL ZAREMBA v. BULLETPROOF 360, INC.*** | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                            :

Initials of Preparer